MAY, J.
 

 The defendant appeals his conviction and sentence for first degree murder. He argues that the prosecutor’s statements during closing argument denied him a fair trial. We disagree and affirm.
 

 The State charged the defendant with first degree murder. While no one saw the shooting or the defendant with a gun, several witnesses testified to events surrounding the shooting. Those witnesses either saw the defendant driving his girlfriend's car or rode with him to the scene of the shooting. They observed a heated argument between the defendant and the victim, and some of them tried to intervene. They saw the defendant leave in the car alone, and then return to where the victim was standing. The witnesses heard gunshots and saw the defendant drive away from the location.
 

 The victim sustained two gunshot wounds — one consistent with a face to face encounter and the other consistent with the shooter standing over a person lying on his back. The police responded and located the described car at the home of the defendant’s girlfriend. A few days later, the police arrested the defendant. At trial, the State played the defendant’s tape recorded interview, in which he admitted driving his girlfriend’s car and getting into a fight with the victim. The jury found the defendant guilty. He received a life sentence.
 

 The defendant argues on appeal that he was denied a fair trial because of comments made by the prosecutor during closing argument. The defense objected to some of those comments, but failed to object to others. The trial court sustained the objections that were made, but denied the defense motion for mistrial.
 

 We review decisions on motions for mistrial to determine whether the trial court abused its discretion.
 
 Smith v. State,
 
 866 So.2d 51, 64 (Fla.2004).
 

 When comments are made without objection, we reverse only if fundamental error occurred.
 
 See Crump v. State,
 
 622 So.2d 963, 972 (Fla.1993). To preserve error, a party must object at the time the error occurs.
 
 See id.
 
 at 972 (citing
 
 Davis v. State,
 
 461 So.2d 67, 71 (Fla.1984)). Lacking a contemporaneous objection, only a fundamental error permits us to review
 
 *1007
 
 the issue on appeal.
 
 Id.
 
 Fundamental error is defined as an error that goes to the foundation of the case or the merits of the cause of action.
 
 See DeFreitas v. State,
 
 701 So.2d 593, 596 (Fla. 4th DCA 1997) (citing
 
 Ryan v. State,
 
 457 So.2d 1084, 1091 (Fla. 4th DCA 1984)). It “reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.”
 
 Power v. State,
 
 886 So.2d 952, 963 (Fla.2004).
 

 The following comments were made by the prosecutor, without objection, during closing argument:
 

 You heard from all those witnesses that are — are listed on that second paragraph there, they all said they met — met up with the Defendant, they all drove into the Sheraton Plaza area, they all got into a Dodge Stratus car. Is there any reasonable doubt for us to know that on the night of June 6, 2006, he was with those people? No. Okay, unless you believe they’re all lying. And then you have to discount the Defendant’s own statements.
 

 [[Image here]]
 

 If you hold the State of Florida to a higher burden than the law requires, it is a violation of the oath you took to follow the law. You know, this is a difficult job. No doubt about it, your job is difficult. You sit here, you decide the facts, you take time off from work. Nowadays it’s really important to get back to work as soon as possible and it is tough. But for generations, Americans have made sacrifices and I’m not asking you to take the hill, the People of the State of Florida is not asking you to take the hill. You can steel yourselves and you can do this job. You can hold the State to the burden only required by law. Steel yourselves for this duty....
 

 [[Image here]]
 

 The consequences are great for both sides and that’s why they’re not sitting there in that jury box. Fear is not a reasonable doubt-fear of the consequences. Do not allow yourselves to be held hostage to that. That standard does not change. Be fearless in your duties. Doubt in the back of your mind is not a reasonable doubt is what His honor tells you.
 

 [[Image here]]
 

 Now if the vie — if the witnesses had lied about the Defendant driving the vehicle. Well, you know, there’s no DNA, there’s no prints — usable prints that he was driving that vehicle, so they must have lied. Well, the problem with that is why would they lie about that and not also lie he al — we also saw him shoot Mr. Pierre? That is an illusion of a doubt, this whole reference about the unusable prints. Even the Defendant in his statement said he was riding in the vehicle. All right, we are a nation of laws. In return from [sic] freedom, we ask that you follow the laws — the rules, that’s what you’re doing today, that’s what he must be held accountable for....
 

 (emphasis added).
 

 The defendant argues that the prosecutor’s comments misstated the law concerning reasonable doubt and led the jury to believe it had a duty to convict. We disagree. The prosecutor simply argued a conclusion that could be drawn from the evidence because the defendant admitted to being in the car. Similarly, we find no fundamental error in the prosecutor asking the jury not to base its verdict on fear. Indeed, the standard jury instructions essentially instruct the jury not to be influenced by feelings of prejudice, bias, or sympathy. The prosecutor’s request for the jury to do its job did not rise to fundamental error, as those state
 
 *1008
 
 ments taken in context reminded the jury to simply perform its duty to follow the law.
 

 Defense counsel did object to the prosecutor’s argument and a slide used by the prosecutor. The slide reflected the following:
 

 Duty and Honor
 

 * No one can force you to abide by your oaths.
 

 * No one can force you to follow the law.
 

 * No one can force you to use your common sense.
 

 * Nothing we can say or do can stop you from elevating the burden of proof because you are not comfortable with your role.
 

 The defense argued that the slide appealed to the jury’s emotion because it suggested some sort of possible religious undertone and was inflammatory. The trial court sustained the objection, but denied the defense motion for mistrial.
 

 On rebuttal, the prosecutor made the following argument:
 

 The bottom line is you cannot be 100 percent sure. I will honestly tell you that, you cannot be. Unless you’re a victim or a witness, you cannot be. If you were there. Okay, but that’s not the standard. The standard is following my oath — your oath, following the law, using your commonsense, using the instructions that His Honor gave you, do you find a reasonable doubt? If not, you can walk out of here knowing you did your job.
 

 Defense counsel objected to the State’s characterization of a conviction as the jury “doing their job.” The prosecutor responded that he only argued that the jury’s duty was simply to follow the law. The trial court told the prosecutor to rephrase the statement.
 

 The State’s slide labeled “Duty and Honor” did not require the court to grant the motion for mistrial because the slide did not impair the fairness of the trial.
 
 See Breedlove v. State,
 
 413 So.2d 1, 8 (Fla.1982). The prosecutor simply reminded the jury of its duty to follow the law. The prosecutor’s comment concerning reasonable doubt and asking the jury to do its job likewise did not rise to the level of fundamental error.
 
 See Power,
 
 886 So.2d at 963. The prosecutor did not tell the jurors that it was then1 job to convict the defendant. Rather, the prosecutor advised the jury to follow the reasonable doubt standard. The theme of the prosecutor’s comments was adherence to the law and abidance to the juror’s oaths to follow the law and hold the State accountable to its burden of proof.
 

 We find the trial court properly sustained the objections when made and correctly denied the motion for mistrial. The unobjected to statements, neither alone nor in combination, rose to the level of fundamental error. Even if error occurred, we find that error to be harmless.
 
 State v. DiGuilio,
 
 491 So.2d 1129 (Fla. 1986).
 

 Affirmed.
 

 DAMOORGIAN and CIKLIN, JJ„ concur.